**IN THE UNITED STATES DISTRICT COURT FOR THE**
**NORTHERN DISTRICT OF FLORIDA**
**TALLAHASSEE DIVISION**


**CURTIS WIMBUSH, JR.,**

       **Plaintiff,**

**vs.**                              **Case No. 4:13cv247-MW/CAS**

**NIKKI ANN CLARK,**
**BRADFORD THOMAS,**
**and JAMES R. WOLFE,**

       **Defendants.**

_____/


## REPORT AND RECOMMENDATION

The pro se Plaintiff has filed a second amended complaint, doc. 7, asserting civil rights violations under 42 U.S.C. § 1983. The complaint is not on court forms as required by N.D. Fla. Loc. R. 5.1(J)(2). Plaintiff was already advised of that requirement, doc. 6, but failed to comply with the Order directing him to "use that form to submit an amended complaint." Doc. 6. Nevertheless, Plaintiff's second amended complaint is frivolous and should be dismissed sua sponte.

Plaintiff contends in the second amended complaint that Defendants Nikki Clark, James Wolf, and Bradford Thomas, all of whom are judges on the First District Court of Appeal for the State of Florida, violated his constitutional rights. Doc. 7. Specifically,

Plaintiff alleges that the three judges violated their oaths of office and denied Plaintiff his constitutional right to a jury trial. *Id.* Plaintiff also alleges the Defendants conspired to violate his rights pursuant to 18 U.S.C. § 241, and as relief, Plaintiff seeks monetary damages of one million dollars. *Id.*

Although Plaintiff provides no date on which he was allegedly denied a jury trial, the fact remains that judges are protected by absolute immunity from decisions made in their roles as judges over Plaintiff's case before the First District Court of Appeal. Stump v. Sparkman, 435 U.S. 349, 355-357, 98 S. Ct. 1099, 1104-05, 55 L. Ed.2d 331 (1978); Harris v. Deveaux, 780 F.2d 911, 914 (11th Cir. 1986). Plaintiff cannot seek damages against Defendants Thomas, Wolfe, or Clarke as a matter of law.

Furthermore, as Plaintiff was previously advised, doc. 6, Plaintiff may not base this case on the alleged denial of the right to a jury trial because such a right only exists at the trial court level. There is no constitutional right to a jury trial at the appellate level and jurors are not summoned to the Florida Courts of Appeal. This claim is frivolous and must be dismissed.

To the degree Plaintiff seeks to raise a claim under 18 U.S.C. § 241, doc. 7, Plaintiff was also previously advised "that such claims cannot be brought in a § 1983 civil rights action." Doc. 6. Section 241 makes it a crime for two or more persons to conspire to deprive another of rights secured by the Constitution or laws of the United States. That is a criminal provision and it is well settled that the § 241 provides "no basis for civil liability." Moore v. Kamikawa, 940 F. Supp. 260, 265 (D. Haw. 1995), *aff'd* 82 F.3d 423 (9th Cir. 1996), *citing* Aldabe v. Aldabe, 616 F.2d 1089, 1092 (9th Cir. 1980); Willing v. Lake Orion Community Schools Bd. of Trustees, 924 F. Supp. 815,

818 (E.D. Mich. 1996); <u>Lord v. Albright</u>, No. 3:97-CV-1593-G,1998 WL 50456, at *5

(N.D. Tex. Jan 16, 1998), *citing* <u>Sarelas v. Anagnost</u>, 332 F.2d 111, 113 (7th Cir. 1964).

Thus, Plaintiff's claim based on § 241 is also frivolous and must be dismissed.

In light of the foregoing, it is respectfully **RECOMMENDED** that Plaintiff's second

amended complaint, doc. 7, be **DISMISSED** for failure to state a claim upon which relief

may be granted pursuant to 28 U.S.C. § 1915(e)(2), and because it is frivolous.

**IN CHAMBERS** at Tallahassee, Florida, on July 26, 2013.


 S/     Charles A. Stampelos
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**


### NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 14 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**